UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Pajdee T., | Case No. 22-cv-1260 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("the Motion"). (Dkt. 26.) Plaintiff seeks attorney's fees under 42 U.S.C. § 406(b) in the amount of $19,700.00, related to a contingency fee agreement between Plaintiff and her legal counsel. (*Id.* ¶¶ 2, 6; *see also* Dkt. 27-1.) For the reasons stated below, the Motion is granted.

### I. BACKGROUND

In September 2018, Plaintiff filed the complaint in Case Number 18-cv-2746 (LIB) ("the 2018 case"), which was remanded in May 2021. (Dkt. 1 at 2; Dkt. 26 ¶ 3.) Plaintiff was denied benefits on remand in the 2018 case, and she subsequently filed the Complaint in this case on May 9, 2022, seeking judicial review of a final decision by Defendant denying her applications for disability insurance benefits under the Social Security Act. (Dkt. 1.) After a joint stipulation for remand (Dkt. 15), this Court remanded Plaintiff's claim on November 1, 2022 (Dkt. 18). On remand Plaintiff was awarded benefits. (Dkt. 27-2; Dkt. 26 ¶ 3.)

Plaintiff was awarded $2,187.37 in the current case and $1,000.00 in the 2018 case in attorney's fees under the Equal Access to Justice Act ("EAJA"), totaling $3,187.37. (Dkt. 25; *Thao v. Kijakazi*, 18-cv-2746 (LIB), Dkt. 38 (D. Minn. Aug. 11, 2021)).

On October 15, 2023, Plaintiff received a Notice of Award from the Social Security Administration ("the SSA") concerning past due benefits, from which the SSA withheld $7,200.00 for legal expenses, in the event the SSA needed to pay that amount to Plaintiff's representative. (Dkt. 26 ¶ 4; Dkt. 27-2 at 4.) The Notice stated, "[w]e cannot withhold more than 25 percent of past-due benefits to pay an authorized fee." (Dkt. 27-2 at 4.) The Commissioner awarded Plaintiff $151,724.00[1] in past-due benefits. (Dkt. 27-2 at 1-2; *see also* Dkt. 26 ¶ 4.)

On October 30, 2023, Plaintiff's counsel filed the present Motion, seeking $19,700.00 in attorney's fees under 42 U.S.C. § 406(b). (Dkt. 26.) Defendant filed a response to the Motion, raising a question about the hourly fee calculated by Plaintiff's counsel, but otherwise stating no objection and requesting that any order from the Court instruct Plaintiff's counsel to refund to Plaintiff the lesser of the EAJA and § 406(b) fee awards. (Dkt. 28.)

## II.   ANALYSIS

**A.   Legal Standard**

The relevant statute, 42 U.S.C. § 406(b)(1), provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court

---

[1] This number accounts for the SSA's practice of rounding down to the nearest dollar.

2

may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

This section was made applicable to Supplemental Security Income fees by 42 U.S.C. § 1383(d).  *See Massie v. Colvin*, No. CV 14-2888 (SRN/FLN), 2016 WL 4926443, at *2 (D. Minn. Aug. 31, 2016), *R.&R. adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016).

The Supreme Court has recognized that the Social Security Act has no "design to prohibit or discourage attorneys and claimants from entering into contingent-fee agreements."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).  Instead, courts are tasked with independently determining whether attorney's fees sought under such agreements are reasonable.  *See id.* at 808.  Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, but when "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.* at 807 (citing 42 U.S.C. § 406(b)).  "A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent

3

on the case." *Shane T. v. Saul*, Case No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (citing *Gisbrecht*, 535 U.S. at 808).

In addition, when a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under § 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff. *Gisbrecht,* 535 U.S. at 789; *see also Shane T.*, 2020 WL 5743075, at *2.

**B.     Reasonableness of Fees and Costs**

Here, Plaintiff's attorney fee agreement states in relevant part:

> If my case is appealed into Federal Court, I, [Plaintiff], agree to pay 25% of past-due benefits secured for me and my dependents. The attorney fee will not be limited to $6,000.00. I, [Plaintiff], authorize the Social Security Administration to pay my attorneys their fee directly from my past due benefits.
>
> I, [Plaintiff], understand my attorney may be able to obtain attorney fees from the government under the Equal Access to Justice Act (EAJA). If a court awards me fees under the Equal Access to Justice Act, I, [Plaintiff], assign them to Mr. Kappelman . . . . If EAJA fees and 42 U.S.C. § 406(b) fees are both obtained as a result of the civil action, Mr. Kappelman will refund to me the lower of the two fees (EAJA and 406(b) fees) obtained.

(Dkt. 27-1.)

As stated above, Plaintiff's Notice of Award indicates that the Agency withheld $7,200.00 from her past-due benefits to pay attorney fees as representing 25 percent of those benefits. (Dkt. 27-2 at 4.) Plaintiff's counsel disputes that number, claiming that 25 percent of Plaintiff's benefits would be no less than $37,931.00. (Dkt. 26 ¶ 4.) Using the monthly benefit amounts provided in Plaintiff's Notice of Award (Dkt. 27-2 at 1) and calculating past due benefits (beginning in August 2015) due through the month before

the month of effectuation by SSA (where July 2023 is the month before the August 2023 month of effectuation), the Court concludes that counsel is correct that 25 percent of Plaintiff's benefits would be no less than $37,931.00. Further, Defendant does not dispute Plaintiff's calculation that 25 percent of Plaintiff's past-due benefits would be no less than $37,931.00. (*See* Dkt. 28.)

Plaintiff's counsel seeks a payment of $19,700.00, which is less than 25 percent of Plaintiff's past-due benefits, but more that the agency is withholding for potential attorney fees. (Dkt. 26 ¶¶ 4-6.) The payment is for at least 19.7 hours[2] of work performed on Plaintiff's behalf by attorneys Wes Kappelman and David Christianson in connection with this action. (Dkt. 26 ¶¶ 6, 8; *see also* Dkt. 30-1 (Kappelman's and Christianson's federal court itemization of time).) This makes the hypothetical hourly rate for work performed by Kappelman and Christianson approximately $1,000.00 per hour. (Dkt. 26 ¶ 9.)

While an hourly rate of $1,000 appears excessive on its face, especially in light of the EAJA rates and given that the SSA stated that it withheld only $7,200.00 for legal expenses as representing 25 percent of the past-due benefits award, it is nonetheless not unreasonable in this case for the following reasons. This District has previously declined

---

[2]    The itemization of time filed by Plaintiff's counsel with the Motion listed a total of 18.6 hours of work, but the Motion sought payment for 19.7 hours. (Dkt. 27-3; Dkt. 26 ¶ 8.) After Defendant highlighted this discrepancy, Plaintiff's counsel submitted an updated itemization of time including a total of 19.7 hours worked and explaining that the first submitted itemization of time was "an early draft" "that had not included time spent on status reports" concerning cases before the Eighth Circuit and the Supreme Court. (Dkt. 29; 30-1 at 1-2.) The Court accepts and uses the updated itemization of time showing that Plaintiff's counsel performed 19.7 hours of work on Plaintiff's case.

to find an effective hourly rate of more than $1,000 excessive and has granted contingency fees that are exactly 25 percent of the disability award. *See*, *e.g.*, *Smith v. Astrue*, No. 06-2091 (ADM/AJB), 2008 WL 2609443, at *24 (D. Minn. June 24, 2008) (declining to find an effective hourly rate of $1,141.91 excessive, and approving attorney's fees of $30,066.50 from a $120,000 disability award); *Shane T.*, 2020 WL 5743075, at *2 ("$21,646.25 contingency fee from a $86,585.50 disability award is not necessarily unreasonable for Social Security case."). Here, Plaintiff entered into a contingency fee agreement with counsel in which she agreed to pay 25 percent of any past-due benefits awarded. Now, Plaintiff's counsel does not request the full amount of 25 percent of the disability award, but rather, seeks a smaller amount with an effective hourly rate of $1,000.00, which, as stated, this District has previously found a reasonable rate. Moreover, considering the factors outlined in *Shane T*. that might justify a reduced fee, Plaintiff's attorneys' legal representation resulted in a disability benefit award, it does not appear that counsel was responsible for any delay, and counsel spent a reasonable amount of time on the case. 2020 WL 5743075, at *1 (citing *Gisbrecht*, 535 U.S. at 808).

However, Plaintiff's counsel must refund $3,187.37 to Plaintiff, which represents the amount of EAJA fees previously awarded to counsel. *See Gisbrecht*, 535 U.S. at 796.

6

## III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. 26) is **GRANTED**;

2. Plaintiff's counsel is **AWARDED** $19,700.00 for reasonable attorney's fees; and

3. In accordance with 42 U.S.C. § 406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Plaintiff's counsel must refund to Plaintiff the amount of $3,187.37, which represents the EAJA fees previously awarded to counsel (*see* Dkt. 25; *Thao v. Kijakazi*, Case No. 18-cv-02746 (LIB), Dkt. 38 (Aug. 11, 2021)).

Dated: December 5, 2023                         *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge